UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| MARK R. GUZY and SHANNON GUZY, | Case No. 3:21-cv-00258-HDM-WGC |
|---|---|
| Plaintiffs, | |
| v. | ORDER |
| TIMOTHY W. NELSON, TIMOTHY W. NELSON, CPA and EVANS NELSON & COMPANY, CPAS, et al., | |
| Defendants. | |

Before the court is the plaintiffs' motion to remand (ECF No. 6). The defendants have opposed (ECF No. 9), and plaintiffs have replied (ECF No. 13).

The plaintiffs, citizens of Texas, filed their complaint in this action in state court on September 10, 2020. On June 7, 2021, the defendants, citizens of Nevada, removed this action to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Although this action had been pending in state court for nearly nine months, the defendants asserted that they only recently received notice that the amount in controversy requirement is met. The plaintiffs move to remand, arguing that the defendants' removal of this action violated the forum defendant rule, 28 U.S.C. § 1441(b)(2), and was untimely.

1

Section 1441(b)(2) provides that "an action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This rule, known as the forum defendant rule, is procedural, and thus waivable, if the plaintiff fails to timely move to remand on that basis. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006); *Raizada v. Blum*, 2019 WL 2099916, at *2 (C.D. Cal. May 14, 2019) (unpublished disposition); *SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1022-23 (N.D. Cal. 2017). Because the plaintiffs have timely moved to remand in this case, the rule has not been waived.[1]

To the extent the defendants suggest that the court has discretion to not enforce the rule, that argument is without merit. The caselaw is clear that in this context, the plaintiff controls the choice of whether to remain in federal court or to have the action remanded to state court. *See Lively*, 456 F.3d at 940 ("[T]he forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court."); *see also Tradewind Consulting, LLC v. Morrison*, 2011 WL 13220933, at *2 (C.D. Cal. Aug. 29, 2011) (unpublished disposition) ("It is not the Court that waives the forum defendant rule, but the opposing party.").

---

[1] Several district courts have also held the rule may be waived if the plaintiff engages in affirmative conduct suggesting a waiver of the right to remand, s*ee, e.g., Raizada*, 2019 WL 2099916, at *2; *SWC Inc.*, 234 F. Supp. 3d at 1022-23, but the defendants make no argument that the plaintiffs have done so here.

2

Because the removal violates the forum defendant rule and the matter shall be remanded on that basis, the court declines to address the parties' remaining arguments.

In accordance with the foregoing, IT IS THEREFORE ORDERED that the plaintiffs' motion to remand (ECF No. 6) is GRANTED. This action is therefore REMANDED to the Second Judicial District Court of the State of Nevada in and for the County of Washoe.

IT IS SO ORDERED.

DATED: This 29th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE